**FILED**

OCT 2 8 2019

CLERK, U.S. DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

AO 241
(Rev. 01/15)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern- Sacramento Ofc. | |
|---|---|---|
| Name (under which you were convicted):   Travis Ray Thompson | | Docket or Case No.:  2:19CV2175 KJN |
| Place of Confinement :   Kern Valley State Prison | Prisoner No.:   J76696 | |
| Petitioner (include the name under which you were convicted)   Travis Ray Thompson   v. | Respondent (authorized person having custody of petitioner)   Christian Pfeiffer | |
| The Attorney General of the State of:    California | | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of Sacramento County, 720 Ninth Street, Sacra-
    mento, CA 95814

    (b) Criminal docket or case number (if you know):   16FE010268

2.  (a) Date of the judgment of conviction (if you know):   4-11-17

    (b) Date of sentencing:   5-19-17

3.  Length of sentence:   25 years to life

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   Battery by a prison-
    er on a nonconfined person(PC § 4501.5), while armed with a
    deadly weapon(§§ 667, Subd.(e)(2)(C)(iii), 1170.12, Subd. (c)
    (2)(C)(iii)),and possession of a sharp instrument by an inmate
    (§ 4502, Subd. (a)), The court sustained two strike allegations
    (§§ 667, Subd.(e)(2), 1170.12, Subd. (c)(2)).

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty   ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty   ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   COA, 3rd App. Dist.

(b) Docket or case number (if you know):   C084825

(c) Result:   Judgment Affirmed

(d) Date of result (if you know):   11-26-18

(e) Citation to the case (if you know): _____

(f) Grounds raised:   Counsel filed Wende Brief. "Suppl. Opening Br."
filed Pro Se arg. (1) Discrim./Select. Pros. scheme vio. EP
Clause; (2) Code of Silence dilemma vio. Due Process; (3) Forc-
ed Self- Representation, vio. right to counsel; (4) Denied Corr.
Expert for the defense, vio. Due Process; (5) Perjury by defense
witness to avoid qualifying as a corrections expert for the de-
fense, or to undermine the defense.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court:   California Supreme Court

(2) Docket or case number (if you know):   S253653

(3) Result:   Petition For Review denied

(4) Date of result (if you know):   2-27-19

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised:     ___Same as to COA_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:     __Office of the Governor, Edward G. Brown, Jr.__

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know):     ___4-12-18_____

(4) Nature of the proceeding:     ___Application For Commutation of Sent.__

(5) Grounds raised:   __His debt to society was paid after serving__

__the original 9 years for crimes committed as a juvenile,__

__where after entering the prison system in 1995 Petition-__

__er has become victim of the prison guards unions(Calif-__

__ornia Correctional Peace Officers Association) socio-__

__political agenda. Consecutive life sentences should be__

__commuted.__

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result:     __In limbo__

(8) Date of result (if you know):     "

AO 241
(Rev. 01/15)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   CDCR Secretary

(2) Docket or case number (if you know):

(3) Date of filing (if you know):   5-20-19

(4) Nature of the proceeding:   PC § 1170(d) letter

(5) Grounds raised:   Eligibility for SB 1391, 260, and 261.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:   Scheduled for BPH hearing on 1-7-20 per Prop. 57

(8) Date of result (if you know):   Eligibility

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☐ Yes    ☐ No

    (2) Second petition:  ☐ Yes    ☐ No

    (3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Discriminatory/ Selective Prosecution Scheme, Violating The Equal Protection Clause

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner had contended throughout pre-trial discovery, a double standard being imposed by the Administration in a discriminatory/ selective prosecution scheme, hastily prosecuting inmate assaults, and batteries on guards, but not guards unnecessary/ excessive force against inmates, a result of the terms of the guards unions contract with the state, and a code of silence being enforced by the union- where guard culpability is the determining factor whether or not to

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

Cont. Ground One- Supp. Facts
Page 2 of 3

prosecute guards for their involvement in the same incident(MH RT 21;PT 7-16

L1-9 seeking DALITL)(1CT 00079, 94, 151 alone support materiality of discov-

ery request).

Petitioner filed a subpoena requesting District Attorney Liaison Incid-

ent Tracking Logs of weapon, staff assault/ batteries, unnecessary/ excess-

ive use of force cases referred to SAC for the past 14 years. The Attorney

General filed a quash motion(1CT 00149-173, 220) with the hearing re conduc-

ted on 1-18-17(PT 1-16, 23).

The AG's Quash Motion was granted based on misrepresentations by Boomer,

and Sgt. Kevin Steele(1CT 149-173, 169-172;2RT 384;PT 1-16,6, 13), claiming

confidential information would be included, redactions insufficient, as blir

blanks can be filled in like a puzzle, incident reports manipulated, commit-

ment offenses...posing a security threat, by multiple incidents crime locat-

ion, institution vulnerability, and increased violence by disclosure, etc.

No in camera review was conducted to determine if such was possible, to en-

sure Petitioner a fair trial, given Petitioners position at the hearing re

CDC's history of lying, obstructing justice, at critical junctures of litig-

ation(PT 5-6;2RT 503L11-12, 584), and where the court and CDC knew Petition-

er was acting in Pro Per, with no way to investigate it, with the court mic-

romanaging his investigation- where a sample of Centinela records attached

would show what Petitioner intended without confidential disclosures alleg-

ed, etc. Otherwise, given the parallel of this case to Keys v. Pa, 2011 US

Dist. LEXIS 19928(MD Penn. 2011), where it states the unions contract terms,

and a code of silence determines whether guards are prosecuted for the same

incident involving altercations with inmates(PT 14), seen also as to the

prosecution referral decisions(PT 14-16; 1 RT 194-196;2RT 482L15-21, 488L

Cont. Ground One- Supp. Facts
Page 3 of 3

L21-22), lays the foundation for judicial re-examination of the legislatures
criminal justice policy, i.e. the "different persons treated equal stand-
ard", rather than "similarly situated" requirement for equal protection
claims.

Petitioner filed a Murguia motion on 11-8-16 to establish the facts(1CT
00050-128), with the hearing re conducted on 11-22-16(1RT 51-57).

Furthermore, the lack of action against, and failure to join inmate
Avila(who seemed to be an indispensible party) was dispositive of this case
(1RT 153, 158, 167, 184, 187-189), although a convict code of silence pre-
vented him from arguing the fact.

A Petition for Writ of Mandate was filed following the courts error
granting the motion to quash, or denial of the Murguia motion for discovery
in COC No. C084333(or C034336)(1CT 00479;1RT 312-14;PT 23)...prejudice is
seen given that discriminatory/ selective prosecution is not a jury issue,
given CSP-SAC's history of selective prosecution on the weapons possessions
(PT 8-15;1RT 57- ;1CT 00094, 00095;Sen. Tr. 26-).

Contrary to the Court of Appeal Order at p.4, asserting that equal pro-
tection claims are proper only where race, protected class, or the similarly
situated requirment is met, under the circumstances of this case a "differ-
ent persons treated equal" standard would apply.

AO 241
(Rev. 01/15)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒  Yes       ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion for Mistrial

Name and location of the court where the motion or petition was filed:     Sacramento County Sup-

erior Court, 720 Ninth Street, Sacramento, CA 95814

Docket or case number (if you know):     16FE010268

Date of the court's decision:     5-19-17

Result (attach a copy of the court's opinion or order, if available):     Minutes unavailable

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☒  Yes       ☐  No

(4) Did you appeal from the denial of your motion or petition?          ☒  Yes       ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☒  Yes       ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     COA, 3rd App. Dist.

_____

Docket or case number (if you know):     C084825

Date of the court's decision:     11-26-18

Result (attach a copy of the court's opinion or order, if available):     Suppl. Opening Brief

issues unaddressed in COA Order, as to Mistrial Motion.

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**       Code of Silence Dilemma Violating Due Process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner had contended throughout the proceedings the presense of both a convict and officer code of silence, that as a pro per defendant prevents him from meeting procedural requirements, giving offers of proof as to witness testimony, establishing materiality to discovery request, laying foundations to relevance(1RT 173)...or testifying on his own behalf, given involvement of other gang members, and prison culture(1RT185L22), with "snitch labels" that endanger lives.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☒  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Motion for Mistrial

Name and location of the court where the motion or petition was filed:      Sacramento County
Superior Court, 720 Ninth Street, Sacramento, CA 95814

Docket or case number (if you know):      16FE010268

Date of the court's decision:      5-19-17

Cont. Ground Two- Supp. Facts
Page 2 of 4

The prejudice in the courts error in this regard was seen in it's argument that Petitioner alleged no unnecessary/ excessive force to warrant an investigation by ISU(1RT 133-135;2RT 499F, 499N-O), or to justify not finding the code of silence applies, or that self-defense was available(1RT 253, 254-56, 293, 295-96;2RT 423-24, 453, 499B, 499F, 510, 512, 586- ), ignoring Petitioners argument the convict code of silence would have prevented him from doing so(1RT 69-184, 185-86;2RT 513;1CT 000340, 356, 358-59, 366, 373-74, 382), and the existence of a code of silence at CSP-SAC(1CT 00096;PT 65-; 1RT 128, 182, 189;2CT 383;Sen. Tr. 28).

There was evidence of a code of silence, in that as a result guards and medical staff conform to policy, subject to retaliation, threats, and ostracism for telling the truth, etc.(2CT 00376, 377;1RT 203-04). Where the guards and RN didn't act on their own volition refusing defense investigators interview attempts, nor in refusing to acknowledge subpoenaes for the prelim.(1RT 73,178-204, 209, 250L25-28, 389, 401;Sen. Tr. 57;PT 24-26, 27-33), but did so under union instruction/ influence- subject of legislative scrutiny in CCPOA v. State of California, 98 Cal. Rptr. 2d 302, 304-05(Cal. App. 1 Dist. 2007), and Madrid v. Gomez, 889 F. Supp. 1146, 1164(ND Cal. 1995)... prejudicing Petitioner.

Such a dilemma would be ground for dismissal under the due process clause(MH RT 18L18;1RT 69L25-27, 70L25-26, 184-)(See also p. 69-72,173, 177-78, 182, 185, 186, 189, 190, 191, 202, 208, 212, 215-16, 217, 432-434, 512, 513).

The court repeated throughout the trial proceedings, despite developments and contextualizations, that Petitioner didn't establish sufficient evidence supporting a code of silence defense(1RT 193, 211, 215, 216, 218), recognizing that an expert was all that was needed to opine that "A,B,C,D,E,F,G" established a code of silence(2RT 505), aware that Petitioner was forced to

Cont. Ground Two- Supp. Facts
Page 3 of 4

improvise(1RT 107), attempting to qualify Sgt. Steele as an expert, after judge McCormick denied his 2nd Ex Parte Application For Appointment Of An Expert on 3-24-17, and the fact Petitioner contends Steele committed perjury on the stand to avoid being qualified as an expert for the defense on the code of silence affect on staff assault investigations...given the prosecution refused to stipulate to the presense of the code of silence at CSP-SAC (2CT 00451, 459-60;PT 32, 65-66;1RT 94L3-4, 96L15-16,90-96, 182), despite being provided senate transcripts/ the "Hagar Report" in discovery(PT 65; 1 RT 189;2RT 499C).

The court had an obligation to take judicial notice of the revelations at the Senate Committee on Corrections, and federal court findings by the Special Master John Hagar(the "Hagar Report") re the code of silence, and its continuity, despite Madrid monitors scrutiny.

An instruction would have been given as to the presence of a code of silence, if not for the courts arbitrary actions, where the case wasn't dismissed on the ground of the dilemma in pre-trial...the instruction was repeatedly requested(1CT 000492-499, 498;1RT 192- , 216, 499B-506).

Excerpts of Exhibits and Testimony Supporting a Code of Silence Instruction are seen in the record(2CT 000485, 492-497;2RT 499C-).

Petitiioner had a right not to testify given the code of silence(1RT 69, 72, 100, 143, 191), which the jury was entitled to know.

Contrary to the COA Order, at 4, asserting no evidence is in the record supporting the claim a code of silence prevented Petitioner from presenting a defense violating his due process right, yet recognizing at p. 4, fn. 2, that the code of silence prevented him from raising an equal protection claim by failure to prosecute Avila(with the reason he wasn't prosecuted-

Cont. Ground Two- Supp. Facts
Page 4 of 4

had they believed he passed Petitioner something- relevant to all other claims, which is the reason disclosure of his ex parte application for appointment of an expert was improper, and an <u>in camera</u> review is required to make such determination).

   Petitioner was prevented from putting on a complete defense contrary to the right established by law, by denying an expert appointment to put the code of silence in context.

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available):   Minutes unavailable

(3) Did you receive a hearing on your motion or petition?              ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   COA, 3rd App. Dist.

Docket or case number (if you know):   C084825

Date of the court's decision:   11-26-18

Result (attach a copy of the court's opinion or order, if available):   Suppl. Opening Brief

issues unaddressed in COA Order, as to Mistrial Motion.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**   Forced Self- Representation Violating Right To

Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner alleges his Sixth Amendment right to counsel was vio-

lated by the trial courts denial of his Marsden motion, forcing him

to represent him-self(9-26-16 Sealed MH RT p. 13-28;1RT 12-28; 2RT

599L7-28, 600), after Public Defender Alice Michel vehmently refused

to follow his investigative outline, discovery request, file a Fourth

Amendment Search and Seizure motion, and Request for Federal Injunct-

ion Enjoining Prosecution on Constitutional Grounds- political motiv-

Cont. Ground Three- Supp. Facts
Page 2 of 5

es behind the charges, in a discriminatory/ selective prosecution scheme, and the presense of a code of silence amongst both inmates, and guards/medical personnel alike, in order to get his motions filed. Where an irreconcilable conflict arose after counsel conducted a questionable search on the Internet for records of CCPOA's financial contributions to the judiciary (i.e., judges, courts, and District Attorneys), required to disqualify the Sacramento County Superior Court/ District Attorney's Office from prosecuting the case within the meaning of CCP § 170.1(a)(3)(A), and (9), and PC 1424...reason for refusing to entertain settlement discussions(contrary to the prosecutions position, 1RT 194L21-28, 195-196).

At Petitioners Faretta hearing conducted on9-29-16(1RT 1-12, 29-34) it was clear his argument was that he was forced to seek to represent himself, on account of counsel's ineptitude(out of touch with political realities), wherein the court deemed the hearing a Marsden hearing also(ordering the transcript of the hearing sealed within the Court of Appeal)(1RT 12-28).

Counsels actions clearly violated the 6th Amendment and was not a tactical dispute, as the code of silence dilemma was a factually complicated defense/ tightrope walk(MH RT 21L19, L27-28, 22L13-14;1RT 212L7, 80).

If the only way Petitioners motions would get filed was by self- representation(MH RT 24L15-17, 25L21-24, 28L3-6) this could not be said to have been a willing waiver of the right to counsel. As the motions(unresponded to in writing- which was a subissue, warrants dismissal) weren't heard until in the trial court, prior to or after jury selection.

The motions were viable(even if unprecedented), yet the court despite its error denying Petitioner discovery to support them, bragged at the motion hearing that they were denied due to an absense of an expert(1RT 142-

Case 2:19-cv-02175-WBS-KJN   Document 1   Filed 10/28/19   Page 15 of 31

Cont. Ground Three- Supp. Facts
Page 3 of 5

43, 175, 179, 181, 182-184;2RT 499E, 499G, 499M, 505, 589), leading witness-
es(1RT 101, 103) denigrating remarks/ tones, etc.(1RT 125, 189"beat the code
of silence to death", 216, 453L16-18, 488, 499K).

Penal Code Section 1424 allows recusal on a showing of any conflict of
interest that renders fair treatment unlikely and decisions interpreting the
statute have not further restricted the concept of a conflict of interest.No
reason is apparent why a public prosecutor's impartiality could not be im-
paired by institutional interest, as by personal ones.

The existence of such impermissible conflict is recognized in a scheme
that made the official budget of the public defender dependent on litigation
decisions that also affected the interest of the defenders client; in some
circumstances, the same might be true of prosecutors. As here a scheme where
CCPOA is reported to have made countless financial contributions to the jud-
iciary(i.e., judges, courts, and D.A's) since forming its Political Action
Committee("PAC") in 1996, focussed on affecting the prosecution of staff ass-
aults(1CT 00029, 141, 186;1RT 89;PT 17L13-15, 18), where the conflict, a quid
pro quo arrangement, was subject of legislative scrutiny in 2002(1CT 00043,
140) and a violation of CCP § 170.1(a)(3)(A), and (9)...skewering the pros-
ecutions exercise of the charging and plea bargain functions(1RT 32;2RT594L
12-13, 596L20-23).

On 5-2-18 the PBS Newshour reported on systemic problems within the
criminal justice system, particularly the courts underfunding defense attor-
ney's(Public Defenders) to undermine Black defendant's criminal defenses
nationwide, resulting in mass incarceration...that deserves recognition by
this court of the issue.

Contrary to the court of appeals position of CCPOA being a "non-party"

to this action(PT 17, 19), clearly police unions contract terms would normally make it a stakeholder in judicial processes involving members, as in the circumstances of this case, and given the parallel to Keys v. Pa.

It was requested of counsel Alice Michels to search the websites ccpoa. org, followthemoney.com, datainfluenceexplorer.com, and campaignmoney.com, where she would only produce 6 of 9 pages from a followthemoney download, lying claiming no records of contributions to SAC Cnty. Sup. Ct./ DAO were listed(possibly seen on the 3 withheld pages)(PT 19, 20L24-28, 21L1-2)(See also PT 16L10-21;1RT 87L11-19).

The records were critical, yet afterwards, the court gave Petitioner the runaround. With the exception of judge Russel L. Hom(PT 22L9-11, 21-22)(with a possible relation to Officer Hom, who transported Petitioner to court on the day the appeal of the denial of the records was heard- a possible conflict), the court/DAO never denied receiving contributions from the union.

The Faretta court made it clear to constitute a willful, knowing, conscious and competent request to represent himself, a voluntary waiver of his rightto counsel must be made free of...Petitioner had not done so.

This court should remand to conduct an evidentiary hearing to determine such, focussing on differences with Michels, and the viability of the motions drafted by Petitioner, given this courts findings on Grounds I, II, and IV below, together with counsels investigative efforts.

Contrary to the COA Order, at 5, asserting that none of the motions the defendant wanted counsel to file or investigate had any merit, all the motions were viable/ had merit. Where clearly the release of inmate Avila from ASU(to which the prosecution refused to stipulate to)(1RT 94L3-4, 96L15-16, 90-96) was dispositive of the "reasonableness" of the search supporting a 4th

Cont. Ground Three- Supp. Facts
Page 5 of 5

Amend. Illegal Search/ Seizure claim(1RT 153, 167, 184, 187-189), as well as
an equal protection claim, had a corrections expert been appointed on the
convict code of silence.

The fact that Michels didn't respond when Petitioner informed the court
of other clients of hers charged with battery on officers having the same
complaints regarding her performance(MH RT 15L15-21, 17L17-28), showed an eco-
nomic interest, and dependency of the Public Defenders Office on corrections
policy.

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

(d)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:  Motion for Mistrial

    Name and location of the court where the motion or petition was filed:  Sacramento County

    Superior Court, 720 Ninth Street, Sacramento, CA 95814

    Docket or case number (if you know):  16FEO10268

    Date of the court's decision:  5-19-17

    Result (attach a copy of the court's opinion or order, if available):  Suppl. Opening Brief

    issues unaddressed in COA Order, as to Mistrial Motion.

    (3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:  COA, 3rd App. Dist.

    Docket or case number (if you know):  C084825

    Date of the court's decision:  11-26-18

    Result (attach a copy of the court's opinion or order, if available):  Suppl. Opening Brief

    issues unaddressed in COA Order, as to Mistrial Motion.

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:**   Denied Corrections Expert For The Defense Violating
Due Process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Petitioner had submitted an Ex Parte Application For Appoinment
Of A Corrections Expert as early as 1-1-17(1CT 00353-391), prior to
the 1-18-17 preliminary hearing, contending that an expert on corrections
ions was required for him to establish an affirmative defense to the
weapon(or to justify its suppression), self-defense to the battery on
the officer, based on the code of silence amongst convicts, guards
and medical personnel alike(1RT 167, 168-171, 184, 201, 210, 204;2RT

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Motion for Mistrial

Cont. Ground Four - Supp. Facts
Page 2 of 2

514), and its affect on staff assault investigations.

The application wasn't granted prior to the prelim., although it was an critical.

The ex parte appeal of the denial was improperly disclosed, where the sealed ex parte application should have been considered at the preliminary hearing- which was unconstitutional by failure to appoint an expert prior, and prejudiced Petitioner by not having an expert to support his PC 995, and 4th Amend. search and seizure motion(3-24-17 Tr. p. 65L2-4, 9-16, 67-69L1-4).

Contrary to the COA Order, at 6, asserting that no expert was identified in ex parte filings by the defendant, the expert relied on by former Del Norte County D.A Jim Fallman in the 2004 Duke Bolter prosection(on the convict code of silence), or James Esten, were being sought(1CT 00355-56).

The fact the court denied Petitioner an expert was violative of his due process right to present a defense, given how critcal it was the code of silence be put in context.

The appellate court was required to review the confidential file in camera and determine whether the information could have possibly aided in the defense, and failed to._____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:   Sacramento County
Superior Court, 720 Ninth Street, Sacramento, CA 95814

Docket or case number (if you know):   16FE010268

Date of the court's decision:   5-19-17

Result (attach a copy of the court's opinion or order, if available):   Minutes unavailable

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   COA, 3rd App. Dist.

Docket or case number (if you know):   C084825

Date of the court's decision:   11-26-18

Result (attach a copy of the court's opinion or order, if available):   Suppl. Opening Brief
issues unaddressed in COA Order.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      ☐ Yes      ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      ☐ Yes      ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FIVE:**   Perjury By Witness To Avoid Qualifying As An Expert For
The Defense

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The test used to determine whether perjury was committed in a
criminal trial was whether it affected the proceeding in or where it
was made, influencing the outcome of the proceeding.

The trial court abused it's discretion denying Petitioner a trial
transcript, and mid-trial Pitchess to establish perjury by witness
Sgt. Kevin Steele to avoid qualifying as an expert for the defense.
The denial of post-verdict investigative services(1CT 578-588; 5-19-

(b) If you did not exhaust your state remedies on Ground Five, explain why: _____

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Five :**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Motion for Mistrial

Cont. Ground Five- Supp. Facts
Page 2 of 3

17 Tr. p. 574- ) to support a mistrial motion based on witness perjury, after
the court scheduled a <u>Pitchess</u> hearing date for 5-19-17 to provide it- requir-
ing a contact address on former PBSP S&I Sgt. Joe Reynoso, for rebuttal pur-
poses, an Internet search of "pat-down search degrees of force", obtaining
D.O.M Sec. 202016 "Use of Force Policy", records of CCPOA financial contribu-
tions to the judiciary, and a copy of a transcript of Sgt. Steele's 3-29-17
402 hearing testimony(1CT 00604-611).

The denial of <u>Pitchess</u> mid-trial on a claim of untimeliness(1st Mot. 1CT
000540-551, 552-553, 554-567, 568-569;2RT 430- , 499J, 566-567)(2d Mot. 589-
603, 612-624;1RT 213-14, 573-88;2RT 316), when the court had authority to
shorten the notice period per CCP § 1005, given developments during trial,
after Sgt. Steele committed perjury to avoid qualifying as an expert for the
defense, was an abuse of discretion.

The denial of both was clearly an abuse of discretion, prejudicing Peti-
tioner.

Contrary to the COA Order, at 6, asserting there was nothing in the record
showing Sgt. Steele committed perjury, the court arbitrarily denied Petitioner
a transcript to establish a perjury claim. Although after receiving the trans-
script from counsel on appeal, the record supports such claim, where he den-
ied knowledge of the <u>Madrid</u> use of force remedial plan, the mandated training
as a result, the "Hagar Report", and receiving training re the code of silence
and its affect on use of force, and staff assault investigations(1RT 122L6-9,
123L15-16, 19-22, 124L1-7, 23-25, 125L17-27, 126L15-20, 127L1-6, 28, 128L1-
12, 136L1-4, 5-10) despite the 7-12-00 <u>Madrid</u> court order(2CT 00542-551, 589-
600).

Sgt. Steele lied, as he had previously in a declaration to secure the

Cont. Ground Five- Supp. Facts
Page 3 of 3

granting of a quash motion on Petitioners subpoena seeking discovery to esta-
blish SAC's discriminatory/ selective prosecution scheme(1CT 00169- 172).

An in camera review of his personnel file per Pitchess was required to
establish Petitioners perjury claim, in addition to obtaining a contact add-
ress on Sgt. Reynoso via civil suit(following the denial of a FOIA request),
as he is currently in the Witness Protection Program for blowing the whistle
on the corrupt investigative process while employed in the same "court liai-
son" capacity as Sgt. Steele(1RT 130-31;2CT 00376-380).

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:   Sacramento County

Superior Court, 720 Ninth Street, Sacramento, CA 95814

Docket or case number (if you know):   16FE010268

Date of the court's decision:   5-19-17

Result (attach a copy of the court's opinion or order, if available):   Minutes unavailable

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   COA, 3rd App. Dist.

Docket or case number (if you know):   C084825

Date of the court's decision:   11-26-18

Result (attach a copy of the court's opinion or order, if available):   Suppl. Opening Brief
issues unaddressed in COA Order.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Five:

AO 241
(Rev. 01/15)

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
         having jurisdiction?   ☒ Yes        ☐  No

         If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
         presenting them: _____

         _____

         _____

         _____

   (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which
         ground or grounds have not been presented, and state your reasons for not presenting them:

         _____

         _____

         _____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
      that you challenge in this petition?        ☐   Yes        ☒ No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
      of any court opinion or order, if available. _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
      the judgment you are challenging?        ☐   Yes        ☒ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
      raised. _____

      _____

      _____

      _____

      _____

      _____

AO 241
(Rev. 01/15)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:          Pro Per

(b) At arraignment and plea:         Pro Per

(c) At trial:                        Pro Per

(d) At sentencing:                   Pro Per

(e) On appeal:          Robert L. Angres, Attorney at Law, 620 Dewitt Ave.,
Ste. 102, Clovis, CA 93612

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?            ☒ Yes      ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Imperial County Superior Court

(b) Give the date the other sentence was imposed:          2004

(c) Give the length of the other sentence:          Two consecutive life sentences

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?            ☒ Yes      ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Order evidentiary hearings on each claim, overturning the conviction on showing of violations of his constitutional rights.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on      10-21-19      (month, date, year).

Executed (signed) on      10-20-19      (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ Travis Ray Thompson _____, declare:

I am over 18 years of age and a party to this action. I am a resident of ___ Kern Valley ___

_____ State _____ Prison,

in the county of _____ Kern _____,

State of California. My prison address is: A1-116, KVSP, P.O Box 5101, Delano,CA ,

93216 .

On October 20, 2019 ,

(DATE)

I served the attached: Petition For Writ of Habeas Corpus

_____

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Xavier Bacerra, AG                     United States District Court
Office of the Attorney General         Eastern District, Sacramento Ofci
P.O Box 944255                         510 "I" Street, Ste.4- 200
Sacramento, CA 94244                   Sacramento, CA 95814

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on   10-21-19                  _____
             (DATE)                      (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                              ::ODMA\PCDOCS\WORDPERFECT\22832\1

-9-